UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AHMAD RASHED ALLEN,

      Petitioner,

v.                      Case No: 2:12-cv-644-FtM-29CM

SECRETARY, DOC and FLORIDA
ATTORNEY GENERAL,

      Respondents.

---

## OPINION AND ORDER

### I.  Status

Petitioner Ahmad Rashed Allen (hereinafter "Petitioner" or "Allen") filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Doc. #1, "Petition") challenging his judgment and conviction of robbery with a firearm entered in the Twentieth Judicial Circuit Court, Lee County, Florida. Petition at 1. Petitioner was sentenced as a habitual felony reoffender to two life sentences. On April 5, 2013, Petitioner filed an Amended Petition (Doc. #8, Amended Petition).[1] The Amended Petition raises several grounds for relief.

Respondent[2] filed a Response (Doc. #12, Response) opposing all grounds raised in the Amended Petition and attached supporting

---

[1] Respondent does not contend that either petition is untimely under 28 U.S.C. § 2244(d)(1). See Response at 11.

[2] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts provides that applicants in "present

exhibits (Doc. #17, Exhs. 1-5) consisting of the record on direct appeal and postconviction pleadings.  Respondent generally argues that none of the grounds were properly exhausted and consequently are now procedurally defaulted.  With regard to Ground 2 sub-claims (e) and (f), and Ground Three, Respondent argues the claims concern matters of State law for which federal habeas corpus relief does not lie.  Additionally, Respondent argues that Petitioner has not satisfied 28 U.S.C. § 2254(d) (1)-(2).  Petitioner filed a Reply (Doc. #15).

For the reasons that follow, the Court denies Petitioner relief on his Amended Petition for Writ of Habeas Corpus.  Ground One, Ground Two subparts (a), (b), (c), (d), and Ground Three are unexhausted and now procedurally defaulted under Florida law.  Ground 2 subparts (e) and (f) raise an issue concerning only Florida law for which federal habeas corpus relief does not lie.

---

custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent."  The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition."  Rumsfield v. Padilla, 542 U.S. 426, 435 (2004).  This is "'the person with the ability to produce the prisoner's body before the habeas court.'"  Id. at 435-436.  In this case, the proper Respondent is the Secretary of the Florida Department of Corrections.  The Florida Attorney General is dismissed from this action.

## II.  Applicable § 2254 Law

### A.  Deferential Review Required By AEDPA

Petitioner filed his Petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).  Abdul-Kabir v. Quarterman, 550 U.S. 233, 246 (2007); Penry v. Johnson, 532 U.S. 782, 792 (2001).  Consequently, post-AEDPA law governs this action.  Abdul-Kabir, 550 U.S. at 246; Penry, 532 U.S. at 792; Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

> Under the deferential review standard, habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  Cullen v. Pinholster, 563 U.S. 170, 181 (2011).  "This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that the state-court decisions be given the benefit of the doubt."  Id. (internal quotations and citations omitted).  See also Harrington v. Richter, 562 U.S. 86, 102 (2011) (pointing out that "if [§

2254(d)'s] standard is difficult to meet, that is because it was meant to be.").

Both the Eleventh Circuit and the Supreme Court broadly interpret what is meant by an "adjudication on the merits." Childers v. Floyd, 642 F.3d 953, 967-68 (11th Cir. 2011). Thus, a state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits that warrants deference by a federal court. Id.; see also Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Indeed, "unless the state court clearly states that its decision was based solely on a state procedural rule [the Court] will presume that the state court has rendered an adjudication on the merits when the petitioner's claim 'is the same claim rejected' by the court." Childers v. Floyd, 642 F.3d at 969 (quoting Early v. Packer, 537 U.S. 3, 8 (2002)).

"A legal principle is 'clearly established' within the meaning of this provision only when it is embodied in a holding of [the United States Supreme] Court." Thaler v. Haynes, 559 U.S. 43, 47 (2010); see also Carey v. Musladin, 549 U.S. 70, 74 (2006) (citing Williams v. Taylor, 529 U.S. 362, 412 (2000)) (recognizing "[c]learly established federal law" consists of the governing legal principles, rather than the dicta, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision). "A state court decision involves an

- 4 -

unreasonable application of federal law when it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case, or when it unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." Ponticelli v. Sec'y, Fla. Dep't of Corr., 690 F.3d 1271, 1291 (11th Cir. 2012) (internal quotations and citations omitted). The "unreasonable application" inquiry requires the Court to conduct the two-step analysis set forth in Harrington v. Richter, 562 U.S. at 86. First, the Court determines what arguments or theories support the state court decision; and second, the Court must determine whether "fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior" Supreme Court decision. Id. (citations omitted). Whether a court errs in determining facts "is even more deferential than under a clearly erroneous standard of review." Stephens v. Hall, 407 F.3d 1195, 1201 (11th Cir. 2005). The Court presumes the findings of fact to be correct, and petitioner bears the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

   B.   **Federal Claim Must Be Exhausted in State Court**

   Ordinarily, a state prisoner seeking federal habeas relief must first "'exhaus[t] the remedies available in the courts of the State,' 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts

'the first opportunity to address the correct alleged violations of [the] prisoner's federal rights.'" <u>Walker v. Martin</u>, 562 U.S. 307, 316 (2011)(quoting <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991)).  This imposes a "total exhaustion" requirement in which all of the federal issues must have first been presented to the state courts.  <u>Rhines v. Weber</u>, 544 U.S. 269, 274 (2005). "Exhaustion requires that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.   That is, to properly exhaust a claim, the petitioner must fairly present every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review." <u>Mason v. Allen</u>, 605 F.3d 1114, 1119 (11th Cir. 2010)(citing <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838, 845 (1999) and <u>Castile v. Peoples</u>, 489 U.S. 346, 351 (1989)).

To fairly present a claim, a petitioner must present the *same* federal claim to the state court that he urges the federal court to consider.  A mere citation to the federal constitution in a state court proceeding is insufficient for purposes of exhaustion. <u>Anderson v. Harless</u>, 459 U.S. 4, 7 (1983).  A state law claim that "is merely similar to the federal habeas claim is insufficient to satisfy the fairly presented requirement." <u>Duncan v. Henry</u>, 513 U.S. 364, 366 (1995)(per curiam).  "'[T]he exhaustion doctrine requires a habeas applicant to do more than scatter some makeshift

- 6 -

needles in the haystack of the state court record.'" McNair v. Campbell, 416 F.3d 1291, 1302 (11th Cir. 2005) (quoting Kelley v. Sec'y for the Dep't of Corr., 377 F.3d 1317, 1343-44 (11th Cir. 2004)).

"The teeth of the exhaustion requirement comes from its handmaiden, the procedural default doctrine." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001), cert. denied, 534 U.S. 1136 (2002). Under the procedural default doctrine, "[i]f the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief . . . . ." Smith, 256 F.3d at 1138. A procedural default for failing to exhaust state court remedies will only be excused in two narrow circumstances. First, a petitioner may obtain federal habeas review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting from the asserted error. House v. Bell, 547 U.S. 518, 536-37 (2006); Mize v. Hall, 532 F.3d 1184, 1190 (11th Cir. 2008).

In Martinez v. Ryan, __ U.S. __, 132 S. Ct. 1309, 1318 (2012), the Supreme Court held that if "a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ..." when (1) "the state courts did not appoint counsel in the initial-review collateral

proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

Second, under exceptional circumstances, a petitioner may obtain federal habeas review of a procedurally defaulted claim, even without a showing of cause and prejudice, if such a review is necessary to correct a fundamental miscarriage of justice. House, 547 U.S. at 536; Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

## C. Ineffective Assistance of Counsel

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In Strickland, the Supreme Court established a two-part test to determine whether a convicted person is entitled to habeas relief on the grounds that his or her counsel rendered ineffective assistance: (1) whether counsel's representation was deficient, i.e., "fell below an objective standard of reasonableness" "under

- 8 -

prevailing professional norms," which requires a showing that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment"; and (2) whether the deficient performance prejudiced the defendant, i.e., there was a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 688; see also Bobby Van Hook, 558 U.S. 4, 8 (2009); Cullen v. Pinholster, 131 S. Ct. at 1403 (2011).

States may "impose whatever specific rules . . . to ensure that criminal defendants are well represented," but "the Federal Constitution imposes one general requirement: that counsel make objectively reasonable choices." Bobby Van Hook, 558 U.S. at 9 (internal quotations and citations omitted). It is petitioner who bears the heavy burden to "prove, by a preponderance of the evidence, that counsel's performance was unreasonable." Jones v. Campbell, 436 F.3d 1285, 1293 (11th Cir. 2006). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct," Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000) (quoting Strickland, 466 U.S. at 690), applying a "highly deferential" level of judicial scrutiny. Id. A court must adhere to a strong presumption that

"counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. An attorney is not ineffective for failing to raise or preserve a meritless issue. Ladd v. Jones, 864 F.2d 108, 109-10 (11th Cir. 1989); United States v. Winfield, 960 F.2d 970, 974 (11th Cir. 1992) ("a lawyer's failure to preserve a meritless issue plainly cannot prejudice a client"). "To state the obvious: the trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But, the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)).

### III. Findings of Fact and Conclusions of Law

This Court has carefully reviewed the record and, for the reasons set forth below, concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 473-474 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro, 550 U.S. at 474; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003).

## IV. Analysis

### A. Ground One

Petitioner submits that he was denied "his right to conflict-free counsel, guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution arising from his hostile relationship with trial counsel." Amended Petition at 5. Petitioner explains that the trial court appointed a private defense attorney to represent him during trial due to a conflict he had with the public defender's office. Id. at 6. Petitioner alleges that the attorney-client relationship became "hostile" and that counsel "disliked Petitioner." Id. As a result of the conflict with his attorney, Petitioner filed a Florida Bar complaint against defense counsel. Id. Petitioner further contends that his attorney missed two court dates and failed to convey a plea offer to him.

In Response, Respondent generally argues this ground is unexhausted and procedurally defaulted. Response at 7, 11. Respondent further addresses the merits of the claim and argues that the record belies Petitioner's claim that his attorney did not visit with him as frequently as he would like, that he missed two court dates, and that he failed to convey a plea offer to him. Id. at 12-13. Respondent refers the Court to the trial transcript to show that the plea offer was mentioned in open court and on the record Petitioner expressed no desire to discuss it. Id. at 13

(citing Exh. 1, p. 7).     Therefore, Respondent argues in the alternative that the Court should deny Petitioner relief on this claim on the merits.

### 1.   Exhaustion and Procedural Default

A review of the record confirms that Petitioner did not raise his ineffective assistance of counsel due to a hostile relationship with counsel in any of his postconviction motions.  Specifically, Petitioner never argued that counsel rendered ineffective assistance due to a hostile relationship in his postconviction motion filed under Florida Rule of Criminal Procedure 3.850.  See Exh. 4.  Petitioner's Rule 3.850 motion did not contain any similar argument concerning the alleged breakdown in the attorney-client relationship, or any claim about defense counsel not conveying a plea offer or missing two court dates.

As previously discussed, before a federal court may grant habeas relief, a petitioner must exhaust every available state court remedy for challenging his conviction, either on direct appeal or in a state postconviction motion.  Supra at 4-6.  By failing to present the instant federal claim to the state courts, Petitioner deprived the state courts of a "full and fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  Petitioner cannot return to state court to present this claim because Florida procedural rules preclude a second, untimely

- 12 -

Rule 3.850 motion absent certain extenuating circumstances that are not present in this case. <u>See</u> Fla. R. Crim. P. 3.850 (requiring such a motion to be filed within two years after the judgment and sentence become final). Consequently, the Court finds that this claim is unexhausted and procedurally defaulted.

A procedural default for failing to exhaust state court remedies will only be excused in one of two narrow circumstances. First, Petitioner may obtain review of a procedurally defaulted claim if he shows both "cause" for the default and actual "prejudice" resulting therefrom. <u>House</u>, 547 U.S. 518, 536-537 (2006); <u>Mize</u>, 532 F.3d at 1190. Second, Petitioner would have to show a fundamental miscarriage of justice.

To establish cause for a procedural default, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." <u>Wright v. Hopper</u>, 169 F.3d 695, 703 (11th Cir. 1999). To show prejudice, a petitioner must demonstrate not only that the errors at his trial created the possibility of prejudice but that they worked to his actual and substantial disadvantage and infected the entire trial with error of constitutional dimensions. <u>United States v. Frady</u>, 456 U.S. 152 (1982). In other words, he must show at least a reasonable probability of a different outcome. <u>Henderson v. Campbell</u>, 353 F.3d 880, 892 (11th Cir.2003).

A petitioner may obtain federal habeas review of a procedurally defaulted claim, without a showing of cause or prejudice, if review is necessary to correct a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Carrier, 477 U.S. at 495-96). A fundamental miscarriage of justice occurs in an extraordinary case where a constitutional violation has probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 327 (1995). This exception requires a petitioner's "actual" innocence. Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet this standard, a petitioner must show a reasonable likelihood of acquittal absent the constitutional error. Schlup, 513 U.S. at 327.

In reply, Petitioner acknowledges that Ground One was not properly exhausted. Reply at 1. Petitioner asserts, however, that under Martinez v. Ryan, he has "cause" to excuse his default. Id. at 1-2. Petitioner does not otherwise explain how he believes Martinez applies in his case.

Under Martinez, a Petitioner may show cause to overcome a procedural default of a claim when: (1) "the state courts did not appoint counsel in the initial-review collateral proceeding" or (2) "appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective" pursuant to Strickland. Id. In such instances, the

prisoner "must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." Id.

In Florida, prisoners are entitled to the appointment of counsel on direct appeal.    Claims of ineffective assistance of counsel, however, are rarely raised on direct appeal and may only be raised on direct appeal when the claim is "obvious on the face of the appellate record."    See Corzo v. State, 806 So. 2d 642, 645 (2d DCA Fla. 2002).    Prisoners in Florida are not routinely appointed counsel in motions filed under Florida Rule of Criminal Procedure 3.850, which is really a Florida prisoner's first opportunity to raise an ineffective assistance of counsel claim. See Id.    Petitioner was not appointed counsel in his Rule 3.850 proceedings.    Thus, Martinez appears to apply in Petitioner's case.    See Trevino v. Thaler, 133 S. Ct. 1911, 1921 (2013) (explaining Martinez extends to prisoners who technically had the ability to bring their ineffective assistance claims on direct appeal of their conviction, but really had to bring it in their first habeas petition.).

Nevertheless, under Martinez, Petitioner still must show that his claim is a "substantial one."    There is no support in the record that defense counsel missed two court dates as a result of his dislike for Petitioner.    See generally Exh 1-A.    Nor does the

record support Petitioner's contention that defense counsel failed to convey a plea offer to him.    To the contrary, the record establishes that immediately before the trial began, the state prosecutor made Petitioner aware of the penalties he faced if convicted and offered him a sentence of thirty years if he pled guilty. See Exh. 1-D at 7. Petitioner refused the offer and stated that he wished to go to trial.   Id.  Thus, the Court does not find the instant claim is a substantial one with merit that justifies a Martinez exception to the procedural default rule.   Nor has Petitioner presented new, reliable evidence indicating that the actual innocence exception would apply to excuse his default of this claim.   Because Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice, Ground One is dismissed as procedurally defaulted.

### 2.   Merits

Alternatively, Petitioner is denied relief on the merits. See 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits,   notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").   Although Petitioner contends that he had a hostile relationship with his defense attorney and claims his attorney was late, and did not timely convey a plea offer, a Petitioner has not satisfied the Strickland standard because he has not shown prejudice.   Holladay v. Haley, 209 F.3d 1243, 1248

(11th Cir. 2000) (citations omitted) (noting that the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa).  Even if defense counsel did not timely convey the plea offer, the record confirms that State prosecutor made the same plea offer to Petitioner immediately before trial commenced.  Further, even if defense counsel did not like Petitioner, as he alleges, the record confirms that defense counsel ensured that Petitioner had a fair trial and successfully moved for acquittal on one of the counts.  Accordingly, Petitioner is denied relief on the merits of Ground One.

**B.  Ground Two**

Petitioner raises several unrelated claims of ineffective assistance of defense counsel in Ground Two.  The Court will address the claims by separating them into alphabetical sub-parts.

**a.  Ground 2(A) - Failure to convey a plea offer**

As mentioned above in Ground One, Petitioner argues that counsel did not timely convey a plea offer from the State prosecutor to him.  Petition at 10.  Thus, Petitioner contends he made an "ill-advised decision to reject the offer." Id. Specifically, Petitioner acknowledges that the State filed an information charging him with one count of second degree murder with a firearm, a life felony, and two counts of aggravated battery with a firearm, a second degree felony.  Id. As a prison release reoffender, Petitioner notes that he faced a mandatory life

sentence on the second degree murder charge, and a mandatory fifteen-year sentence on the two aggravated battery charges, if convicted. <u>Id.</u>  Petitioner contends that the state prosecutor offered Petitioner an aggregate thirty-year mandatory prison sentence by written letter dated December 13, 2006, that required Petitioner to respond on or before December 21, 2006. <u>Id.</u> at 11. Petitioner faults defense counsel for not conveying him the plea offer until March or April 2007. <u>Id.</u>

In Response, Respondent contends that this ground, similar to the Ground One, is unexhausted and procedurally defaulted. Response at 10-11.  Turning to the merits, Respondent submits that the record refutes Petitioner's claim. <u>Id.</u> at 11-12.  In Reply, Petitioner acknowledges that he did not exhaust this claim before the State court, but points to <u>Martinez</u> in attempt to show cause to overcome the procedural default.  Reply at 1-2.

### 1. Exhaustion and Procedural Default

A review of the record confirms that Petitioner did not raise his ineffective assistance of counsel due to counsel failing to timely convey a plea offer to him in his Florida Rule of Criminal Procedure 3.850 motion.  <u>See</u> Exh. 4.  Nor did Petitioner's Rule 3.850 motion contain any similar argument concerning counsel's alleged ineffectiveness in failing to timely relay the plea offer.[3]

---

[3] To the contrary, Petitioner's Amended Rule 3.850 Motion, which the postconviction court treated as a motion for rehearing,

- 18 -

Petitioner's failure to raise the claim before the State court has resulted in a procedural default of Ground 2(a).

Similar to the reasons discussed above, Petitioner cannot overcome the procedural default of this claim by showing cause under Martinez because this claim is not a substantial one that has merit. Even if counsel did not relay the State prosecutor's plea offer until March or April of 2007, immediately before the trial began Petitioner had a final opportunity to take the same plea deal if he entered a guilty plea. See Exh. 1-D at 7. Petitioner refused the offer and instead proceeded to trial. Id. Thus, the Court does not find the instant claim is not entitled to a Martinez exception to the procedural default rule. Because Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default of this claim, Ground Two, subpart (a) is dismissed as procedurally defaulted.

### 2. Merits

Alternatively, Petitioner is denied relief on the merits. See 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts

---

raised a claim that trial counsel rendered ineffective assistance due to counsel "coercing" him to not take the plea and go to trial instead. Exh. 2.

of the State."). Although Petitioner contends that counsel failed to timely convey a plea offer, Petitioner has not satisfied the Strickland standard because he has not shown prejudice. Holladay, 209 F.3d at 1248(noting that the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa). As discussed in Ground One, even if defense counsel did not convey the plea offer prior to its expiration, the record confirms that State prosecutor made the same plea offer to Petitioner immediately before trial commenced. Accordingly, Petitioner is denied relief on Ground 2(b).

### b. Ground 2(b) - Failure to move for judgment of acquittal on second degree murder charge

Petitioner contends that defense counsel rendered ineffective assistance by failing to move for a judgment of acquittal on the second degree murder charge. Petition at 12. Petitioner explains that he was tried for one count of second degree murder in the shooting death of Gloria Bradley and two counts of aggravated battery in the shooting injuries of Joe Bradley (Gloria's son) and Jessica Addison. Id. Petitioner states that defense counsel moved for a judgment of acquittal on the aggravated battery charge concerning Jessica, which the trial court granted. Id. However, defense counsel did not move for a judgment of acquittal on the second degree murder charge, which he asserts defense counsel should have done because the state did not prove he acted with a

depraved mind when he shot Gloria.  Id. at 13. Petitioner notes that on direct appeal, appellate counsel raised a sufficiency of the evidence claim.  Id.  The appellate court ultimately denied him relief on the claim by *per curiam* affirming the trial court's judgment of conviction and sentence.  Id.  Petitioner contends that the ground for relief was not preserved for direct appeal due to defense counsel's error.  Id.

In Response, Respondent contends that any claim of ineffective assistance of counsel is unexhausted and procedurally defaulted.  Response at 7-11.  Turning to the merits, Respondent argues that Petitioner cannot show the required prejudice under Strickland as a result of his defense attorney's actions because the State never raised the preservation issue on direct appeal. Id. at 14 (citing Exh. 2).  Further, Respondent argues that Petitioner's act of shooting at a small crowd of gathered people is a classic, textbook case of second degree, depraved mind murder. Id. at 15-16.

## 1.  Exhaustion and Procedural Default

A review of the record confirms that Petitioner did not raise his ineffective assistance of counsel due to counsel failing to move for acquittal on the second degree murder charge in his Rule 3.850 motion.  See Exh. 4.  Petitioner's failure to raise the claim before the State court means the claim is unexhausted and now procedurally defaulted.

Petitioner acknowledges that he did not exhaust this claim before the state court and attempts to overcome the procedural default by pointing to Martinez, but does not otherwise explain how Martinez applies in his case.  Reply at 1-2.

The Court finds Petitioner has not established cause under Martinez because this claim is not a substantial one that has merit.  Petitioner cannot show the required prejudice element under Strickland.  As Respondent points out, the record shows that on direct appeal appellate counsel argued that there was insufficient evidence to convict Petitioner of second degree murder.  See Exh. 2.  The appellate court per curiam affirmed Petitioner's judgment of conviction and sentence.  Thus, even if defense counsel had moved for a judgment of acquittal on the second degree murder charge, it is not likely that the trial court would have granted such a motion given that the appellate court did not grant Petitioner relief on this claim.  Thus, defense counsel cannot be faulted for failing to move for a judgment of acquittal on the second degree murder charge of Gloria Bradley.  The Court does not find the instant claim is not entitled to a Martinez exception to the procedural default rule.  Because Petitioner has not established case, prejudice, or a fundamental miscarriage of justice to cover the procedural default of this claim, Ground 2(b) is dismissed as unexhausted and now procedurally defaulted.

## 2. Merits

Alternatively, Petitioner is denied relief on the merits. See 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Although Petitioner contends that counsel rendered ineffective assistance when he failed to move for a judgment of acquittal on the second degree murder charge of Gloria Bradley, Petitioner has not satisfied the Strickland standard because he has not shown prejudice. Holladay, 209 F.3d at 1248 (noting that the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa).

In evaluating a sufficiency of the evidence claim, Florida courts assess whether, after viewing the evidence in the light most favorable to the State, a rational trier of fact could have found the existence of the elements of the crime beyond a reasonable doubt. Simmons v. State, 934 So. 2d 1100, 1111 (Fla. 2006). This is the same standard as the federal standard for evaluating a due process challenge based on the sufficiency of the evidence. Jackson v. Virginia, 443 U.S. 307, 318-319 (1979); over ruled on other grounds, Schlup v. Delo, 513 U.S. 298 (1995). The Due Process Clause of the Fourteenth Amendment requires the state to prove each element of the offense charged beyond a reasonable doubt. Jackson, 443 U.S. at 318-319. It is the duty of the jury

to resolve conflicts in testimony, to weight the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Id.  The federal court does not substitute its judgment as to whether it believes the evidence to be sufficient to sustain the conviction.  Id.  And, the federal court must look to state law for the substantive elements of the criminal offense, but to federal law for the determination of whether the evidence was sufficient under the Due Process Clause.  Coleman v. Johnson, 566 U.S. ___, ____, 132 S.Ct. 2060, 2064 (2012); Garcia v. Perringer, 878 F.2d 360, 362 (11th Cir. 1989)(citations omitted).

Florida law defines second degree murder as:

> The unlawful killing of a human being, when perpetrated by any act imminently dangerous to another and evincing a depraved mind regardless of human life, although without premeditated design to effect the death of any particular individual is murder in the second degree. . . .

Section 782.04(2), Florida Statutes (2005).  For federal sufficiency review, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson, 443 U.S. at 319 (quotations omitted).  If the record contains facts supporting conflicting inferences, the jury is presumed to have resolved those inferences in favor of the State

and against the defendant.   Johnson v. Alabama, 256 F.3d 156, 1172 (11th Cir. 2001).

As acknowledged by Petitioner's counsel on direct appeal, see Exh. 2 at 18, trial testimony revealed that Petitioner and Manny Quintero arrived at the scene of the shooting together in the same car.   Manny Quintero began fighting with Joe Bradley over some money.   Bradley admitted that he knocked Quintero to the ground and began to beat and kick him.   Exh. E at 205-206.   Petitioner stepped out of the car and fired a shot at Joe Bradly, striking and killing Bradley's mother, who was standing over him trying to interrupt the fight.   Id. at 161, 205, 254.   The State's theory was that Petitioner fired a shot at Bradley because he was beating Quintero.   See Exh. 2 (State's brief in response to direct appeal). The shot that was meant for Bradley struck and killed Bradley's mother instead.   Id.   Subsequent shots fired by Petitioner struck Bradley, but those injuries were subject of the aggravated battery charge.   Id.   A review of the record shows sufficient evidence was presented for a rational trier of fact to find Petitioner guilty of second degree murder.   Therefore, Petitioner has not shown defense counsel's decision not to move for a judgment of acquittal on the second degree murder charge caused him prejudice.   Ground 2(b) is denied on the merits.

### c.   Ground 2(c)- Asserted incompatible defenses in closing argument

Petitioner argues that his defense attorney rendered ineffective assistance during his closing argument by mentioning incompatible defenses. Petition at 15. Specifically, Petitioner explains that during closing argument, defense counsel argued that the State failed to prove beyond a reasonable doubt that Petitioner had been the shooter and referenced the lack of physical evidence connecting Petitioner to the scene of the shooting. Petitioner submits that defense counsel also argued that, assuming the State had proven the shooter was Petitioner, the shooting death of Gloria Bradley was nonetheless an accident and was an excusable homicide. Id. at 16. Petitioner states that defense counsel told the jury that the shooter was trying to get Bradley to stop beating Quintero. Id. Petitioner argues that he lost credibility with the jury due to defense counsel's closing argument. Id.

In Response, Respondent initially notes that this ground is unexhausted and now procedurally defaulted. Response at 7-11. Turning to the merits, Respondent argues that defense counsel's arguments were not necessarily inconsistent and instead required the jury to evaluate the State's case and determine what was proven, and what was not. Id. at 16. Respondent argues that defense counsel's closing argument amounts to one of trial strategy. Id. at 17.

### 1. Exhaustion and Procedural Default

A review of the record confirms that Petitioner did not raise his ineffective assistance of counsel claim stemming from counsel's closing argument in his Rule 3.850 motion. See Exh. 4. Petitioner's failure to raise the claim before the State court means the claim is unexhausted and now procedurally defaulted.

Petitioner acknowledges that he did not exhaust this claim before the state court and attempts to overcome the procedural default by pointing to Martinez. Reply at 1-2.

The Court finds Petitioner has not established cause under Martinez because this claim is not a substantial one that has merit. The jury heard testimony from eyewitnesses to the shooting that identified Petitioner as the shooter, but it was up to the jury to determine credibility of those witnesses. See Exh. D at 162-163 (Joe Bradley testifying he heard a gunshot boom, and looked up and saw Petitioner holding a gun that shot Bradley's mother); Exh. E at 205 (Latoya Bradley identifying the Petitioner as the shooter). Defense counsel's closing argument was a reasonable trial strategy based upon the evidence presented in this case. Because Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default of this claim, Ground 2(c) is dismissed as procedurally defaulted.

## 2. Merits

Alternatively, Petitioner is denied relief on the merits. See 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Although Petitioner contends that counsel's closing argument confused the jury, Petitioner has not satisfied the Strickland standard because he has not shown prejudice. Holladay, 209 F.3d at 1248 (noting that the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa). The record confirms that defense counsel's closing argument could not have caused him prejudice because evidence was presented to the jury in the form of eyewitnesses to the shooting that placed Petitioner at the scene. Defense counsel crafted his closing argument accordingly realizing that if the jury credited the eyewitnesses' testimony that identified Petitioner as the shooter, then an alternative argument that the shooting was an accident or an excusable homicide was reasonable and in fact necessary. Accordingly, Petitioner is denied relief on the merits of Ground 2(c).

### d. Ground 2(d) - Failure to call Manny Quintero as a witness

Petitioner argues that defense counsel rendered ineffective assistance when counsel failed to call Manny Quintero as a witness.

Petition at 16-17.   Petitioner submits that Quintero's testimony would have supported his theory of defense that Petitioner had acted in defense of another person.   Id. at 18.

In Response, Respondent initially contends that the ground is unexhausted and procedurally defaulted.   Response at 7-11. Turning to the merits, Respondent submits that another witness, Joe Bradley, testified to the same information.   Id. at 17.   Thus, Respondent argues that Quintero's testimony would have merely amounted to cumulative evidence.   Id. at 18.

### 1.  Exhaustion and Procedural Default

A review of the record confirms that Petitioner did not raise his ineffective assistance of counsel claim stemming from counsel's failure to call Quintero as a witness in his Rule 3.850 motion.   See Exh. 4.   Petitioner's failure to raise the claim before the State court means the claim is unexhausted and now procedurally defaulted.

Petitioner acknowledges that he did not exhaust this claim before the state court and attempts to overcome the procedural default by pointing to Martinez, but does not otherwise explain how he believes Martinez applies in his case.   Reply at 1-2.

The Court finds Petitioner has not established cause under Martinez because this claim is not a substantial one that has merit.   The record confirms that Joe Bradley testified about the details of the fight with Quintero. Bradley acknowledged that he

was the aggressor after Quintero said something offensive to him. See Exh. D at 159; see generally Id. at 140-189. Any testimony from Quintero about his fight with Bradley would have merely amounted to cumulative evidence. Because Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default of this claim, Ground 2(d) is dismissed as unexhausted and procedurally defaulted.

## 2. Merits

Alternatively, Petitioner is denied relief on the merits. See 28 U.S.C. § 2254(b)(2)("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). Although Petitioner contends that counsel rendered ineffective assistance for failing to call Manny Quintero as witness, Petitioner has not satisfied the Strickland standard because he has not shown prejudice. Holladay, 209 F.3d at 1248 (noting that the court need not address the performance prong if the defendant cannot meet the prejudice prong, or vice versa). As noted above, the jury heard testimony from Bradley that set forth the context of the fight between Bradley and Quintero. Bradley acknowledged that he was beating Quintero. A claim that Quintero's testimony would have helped Petitioner is too speculative. See United States v. Guerra, 628 F.2d 410, 413 (5th

Cir. 1980).[4]  Petitioner is denied relief on Ground 2 (d) on the merits.

   e.  **Grounds 2(e)-(f)- Failure to challenge sentencing procedures**

   In Ground 2(e) and 2(f), Petitioner argues that defense counsel rendered ineffective assistance by failing to object to Petitioner's life sentence. Specifically, in 2(e) Petitioner argues that counsel should have argued that Petitioner's life sentence under Florida's "20-life statute for aggravated battery was impermissible under binding appellate decisions because it exceeded the statutory maximum of thirty years." Petition at 18. In Ground 2(f), Petitioner faults defense counsel for "not objecting to his life sentence for aggravated battery when the trial court had imposed a twenty-five year minimum mandatory sentence under the 10-20-life sentence [sic]." Id. at 19.

   In Response, Respondent acknowledges that the two sub-claims appear to raise the same argument challenging the State's adherence to its own sentencing procedures for which federal habeas corpus relief does not lie. Response at 19-20.

   The Court agrees with Respondent that Ground 2(e) and (f) raises a claim grounded on issues of state law and is therefore

---

   [4]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

not cognizable in the instant proceeding. Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."). Precedent has long established that the federal courts cannot review a state's alleged failure to adhere to its own sentencing procedure in a habeas corpus petition. Graber v. Sec'y Dep't of Corr., 417 F. App'x 882, 883 (11th Cir. 2011) (citing Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988) (explaining that habeas petitions based on issues of state law do not provide a basis for relief and that "[i]n the area of state sentencing guidelines in particular, we consistently have held that federal courts cannot review a state's alleged failure to adhere to its own sentencing procedures."). The limitation on federal habeas review to claims of federal constitutional error applies with equal force when a petition, which actually involves state law issues, is couched in terms of a Fourteenth Amendment due process violation. Branan, 861 F.2d at 1508 (citing Willeford v. Estelle, 538 F.2d 1194, 1198 (5th Cir. 1976)).[5] Consequently, Petitioner's claim based upon Florida's sentencing procedures

---

[5]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

raised in Grounds 2(e) and (f) are not cognizable claims for relief.

### f. Ground 2(g)- Cumulative Error

Petitioner argues that the "cumulative effects of counsel's conflict of interest and ineffective assistance of counsel undermined the fairness and reliability of [his] convictions and sentences." Petition at 20. Petitioner points to his previous claims of ineffective assistance of counsel and blames those errors for his conviction. Id.

In Response, Respondent argues that there is no basis for granting habeas relief for an accumulation of error where no error has in fact been shown. Response at 20. Petitioner does not respond to this argument in his Reply. See generally Reply.

The Court agrees with Respondent. Petitioner has not shown an error of constitutional dimension with respect to any of his unexhausted and now procedurally defaulted ineffective assistance of counsel claims. Thus, Petitioner cannot show that the cumulative effect of the alleged errors deprived him of fundamental fairness in his state criminal proceedings. Morris v. Sec'y Dep't of Corr., 677 F.3d 1117, 1132 (11th Cir. 2012) (refusing to decide whether post-AEDPA claims of cumulative error may ever succeed in showing that the state court's decision on the merits was contrary to or an unreasonable application of clearly established law, but holding that petitioner's claim of cumulative error was without

merit because none of his individual claims or error or prejudice had any merit); <u>Forrest v. Fla. Dep't of Corr.</u>, 342 F. App'x 560, 565 (11th Cir. 2009) (noting absence of Supreme Court precedent applying cumulative error doctrine to claims of ineffective assistance of counsel, but holding that the petitioner's cumulative error argument lacked merit because he did not establish prejudice or the collective effect of counsels' error on the trial).   Petitioner is not entitled to habeas relief on his cumulative errors claim.

   C.  **Ground Three-denial of Due Process stemming from jury instruction given on manslaughter by act**

   Ground Three contains two subparts.  Petitioner first argues that the trial court gave an erroneous jury instruction on manslaughter by act.  Petition at 22.  Petitioner then argues that appellate counsel rendered ineffective assistance by failing to argue on direct appeal that the trial court committed fundamental error in giving an erroneous manslaughter by act instruction.  <u>Id.</u> In summary, Petitioner argues that the manslaughter jury instruction given in his trial violates the rule announced by the Florida Supreme Court in <u>Montgomery v. State</u>, 39 So.3d 252 (Fla. 2010).

   In Response, Respondent generally argues that these claims are unexhausted under state law and now are procedural defaulted. Response at 7-11.  Respondent also argues that this claim involves

- 34 -

purely an issue of state law for which federal habeas relief does not lie. Id. at 21. Turning to the merits, Respondent argues that appellate counsel's performance cannot be deemed deficient for failing to recognize a future change in the law. Id. at 22. Respondent points out that appellate counsel's arguments on direct appeal were based on binding precedent at the time of Petitioner's direct appeal. Id.

1. Exhaustion and Procedural Default

A review of the record confirms that Petitioner did not raise a claim of trial court error stemming from the manslaughter by act jury instruction on direct appeal, or in his post-conviction pleadings. Nor did Petitioner raise a claim that appellate counsel rendered ineffective assistance on direct appeal in any postconviction proceedings.[6] In attempt to show "cause" necessary

---

[6]Notably, Petitioner raised a claim of ineffective assistance of trial counsel (not appellate counsel) related to his trial attorney's failure to object to the manslaughter by act jury instruction in his Rule 3.850 motion as his fourth ground for relief. See Exh. 4. The postconviction court denied Petitioner relief finding as follows:

> As to Ground 4 . . . This claim fails as a matter of law. The manslaughter instruction is not erroneous so long as the jury is given the option of finding manslaughter by culpable negligence, not solely manslaughter by act. Barros-Dias v. State, 41 So.3d 370 (Fla. 2d DCA 2010). The culpable negligence language was given in this case. (T. 360-362). Counsel had no basis upon which to object, and cannot be deemed ineffective for failing to raise a meritless issue. Teffeteller v.

- 35 -

to overcome the procedural default of his trial court error claim, Petitioner argues that appellate counsel rendered ineffective assistance for failing to raise the claim on direct appeal.

Similar to claims of ineffective assistance of trial counsel, claims related to appellate counsel are also governed by the Strickland standard. Philmore v. McNeil, 575 F.3d 1251, 1264 (11th Cir. 2009). Under Strickland, a petitioner must show that counsel's performance was deficient and that the deficient performance caused him prejudice. Supra at 8-10. In addressing a similar ineffective assistance of appellate counsel claim, the Eleventh Circuit Court of Appeals determined that appellate counsel's failure to anticipate a future change in law "does not constitute ineffective assistance of counsel." See Pimental v. Fla. Dep't of Corr., 560 F. App'x 942, 945 (11th Cir. 2014) (holding that appellate counsel's failure to raise the sufficiency of the manslaughter instruction did not constitute ineffective assistance of counsel). Similar to Pimental, Petitioner's direct appeal concluded March 11, 2009. The Florida Supreme Court did not issue its opinion in Montgomery until 2010. Thus, Petitioner

---

Dugger, 734 So. 2d 1009, 1023 (Fla. 1999). Defendant has failed to allege any facts that, if true, would establish either prong of Strickland.

See Exh. 4 (emphasis in original).

has not shown deficient performance required under <u>Strickland</u>. Because Petitioner has not shown cause, prejudice, or a fundamental miscarriage of justice to overcome the procedural default of his trial court error and ineffective assistance of appellate counsel claims, Ground Three in its entirety is dismissed as unexhausted and procedurally defaulted.

ACCORDINGLY, it is hereby

ORDERED:

1. The Florida Attorney General is dismissed from this action.

2. The Amended Petition for Writ of Habeas Corpus (Doc. #8) is DENIED as follows:

(a). Ground One, Ground Two subparts (a), (b), (c), (d), and Ground Three are DISMISSED as unexhausted and now procedurally defaulted under Florida law.  In the alternative, these grounds are DENIED on the merits.

(b). Ground 2 subparts (e) and (f) are DISMISSED because they raise an issue under Florida law for which federal habeas corpus relief does not lie.

3. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.   A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); <u>Harbison v. Bell</u>, 556 U.S. 180, 184 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations omitted).   Petitioner has not made the requisite showing in these circumstances.   Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this 24th day of February, 2016.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record